Peter R. Afrasiabi, Esq. (Bar No. 193336)
    pafrasiabi@onellp.com
John Tehranian, Esq. (Bar. No. 211616)
    jtehranian@onellp.com
Ian H. Gibson, Esq. (Bar No. 273444)
    igibson@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
Mavrix Photographs LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MAVRIX PHOTOGRAPHS LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROLLINGOUT.COM, a business form unknown; STEED MEDIA GROUP, INC., a Georgia Corporation; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Mavrix Photographs LLC ("Mavrix"), by and through its attorneys of record, complains against RollingOut.com, Steed Media Group, Inc., and DOES 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This

**COMPLAINT**

Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Mavrix is a limited liability company existing under the laws of California, with its principal place of business in Los Angeles, California.

4. Plaintiff is informed and believes and, upon such, alleges that RollingOut.com is a business, form unknown, with its principal place of business in Atlanta, Georgia and offices in Los Angeles, California and around the United States.

5. Plaintiff is informed and believes and, upon such, alleges that Steed Media Group, Inc. ("Steed Media") is a Georgia Corporation, with its principal place of business in Atlanta, Georgia and offices in Los Angeles, California and around the United States.

6. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*The Photos Forming the Subject Matter of This Dispute*

7. Mavrix Photo, Inc. (MPI) is a prominent celebrity photography agency that licenses its photographs on an exclusive and non-exclusive basis to a multitude of top-tier media outlets, including, the world's leading newspapers, television programs and

magazines, like People or US Weekly.  MPI has licensed individual images of celebrities for over $100,000 to major content outlets.

8. MPI made certain photographs of superstar Beyonce Knowles available for licensing on an individual or blanket basis through MPI since the first publication of the images.  These images are collectively referred to herein as the "Beyonce Photos."  Many of the Beyonce Photos have been individually licensed as standalone works.

9. MPI also made certain photographs of celebrity Kim Kardashian available for licensing on an individual or blanket basis through MPI since the first publication of the images.  These images are collectively referred to herein as the "Kardashian Photos."  Many of the Kardashian Photos have been individually licensed as standalone works.

10. MPI filed for copyright registration of the Beyonce Photos and Kardashian Photos within 90 days of their authorship and first publication.

11. MPI has assigned to Plaintiff Mavrix all rights (including the copyright) to the Beyonce Photos and Kardashian Photos.

### *The Defendants and the Marketplace*

12. Defendant Steed Media boasts its rank as "America's largest African-American newspaper."  In addition to its popular web publishing outlets, Steed Media offers a weekly print edition, which publishes 1.2 million copies weekly in 19 of the Top 25 African-American markets.  Over 75,000 copies are distributed weekly in Los Angeles.  Steed Media's nationwide presence is supported by its claim to having dedicated team members in Atlanta, Los Angeles, Chicago, Detroit, Houston, and New York.

13. On information and belief, Defendant Steed Media owned and/or operated RollinngOut.com at all times relevant to this dispute.

14. On information and belief, RollingOut.com is the successful online publishing destination for Steed Media.  The website, on information and belief, entertains its over 150,000 unique visitors per month through a popular celebrity lifestyle and gossip blog.  RollingOut.com displays advertisements, including some that specifically target Los Angeles.

15. Defendants have, on information and belief, violated federal law by willfully infringing Mavrix copyrights to at least two different photographs on RollingOut.com. Attached hereto as Exhibit A are true and correct copies of screenshots showing Defendants' use of one of the Beyonce Photos and one of the Kardashian Photos on RollingOut.com.

16. Specifically, in or around April of 2013, Defendants reproduced, distributed and publicly displayed at least one of the Kardashian Photos, and derivatives thereof, on their website without permission, consent, or license.

17. Additionally, in or around June of 2013, Defendants reproduced, distributed and publicly displayed at least one of the Beyonce Photos, and derivatives thereof, on their website without permission, consent, or license.

18. On information and belief, Defendants' reproduction, distribution and public display of at least two of Plaintiff's photographs, and derivatives thereof, continues unabated to this very day.

19. On information and belief, Defendants herein have driven significant traffic to RollingOut.com in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

20. Plaintiff Mavrix incorporates here by reference the allegations in paragraphs 1 through 19 above.

21. Mavrix is the rightsholder to the copyrights of the Beyonce Photos and Kardashian Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States. MPI and Mavrix have complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Beyonce Photos were timely registered with the United States

Copyright Office and given registration number VA 1-799-844.  The Kardashian Photos were timely registered with the United States Copyright Office and given registration number VA 1-876-714.

22. All rights, including copyrights, in and to the Beyonce Photos protected under registration number VA 1-799-844 were assigned to Plaintiff on or around February 25, 2013.

23. All rights, including copyrights, in and to the Kardashian Photos protected under registration number VA 1-876-714 were assigned to Plaintiff on or around November 27, 2013.

24. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by reproducing, displaying, distributing and utilizing the Beyonce Photos and Kardashian Photos for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by knowingly reproducing, displaying, distributing and utilizing the Beyonce Photos and Kardashian Photos for purposes of trade.

26. On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated publishers with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

27. On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed and publicly displayed the Beyonce Photos and Kardashian Photos on RollingOut.com.

28. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Beyonce Photos and Kardashian Photos for purposes of trade, including by increasing the traffic to Defendants' website and, thus, increasing the advertising fees realized.

///

29. The actions of Defendants were and are continuing to be performed without the permission, license or consent of Mavrix.

30. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Mavrix will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Mavrix's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

31. As a result of the acts of Defendants alleged herein, Mavrix has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

32. Because of the willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages of up to $150,000 per work infringed.

33. Plaintiff has identified at least two works infringed by Defendants, which occurred by way of reproduction, public distribution and public display of the Beyonce Photos and Kardashian Photos on RollingOut.com.

34. Plaintiff is thus entitled to a statutory damages award of at least $300,000 ($150,000 per work infringed).

35. Alternatively, at its discretion, Mavrix is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

36. Plaintiff is also entitled to its attorney's fees in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and

all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Mavrix's rights in the photographs at issue.

2. Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: January 3, 2014          **ONE LLP**

By: _____
Peter R. Afrasiabi, Esq.
John Tehranian, Esq.
Ian H. Gibson, Esq.
Attorneys for Plaintiff,
Mavrix Photographs LLC

# **DEMAND FOR JURY TRIAL**

Plaintiff Mavrix Photographs LLC hereby demands trial by jury of all issues so triable under the law.

Dated: January 3, 2014                **ONE LLP**

By: _____
Peter R. Afrasiabi, Esq.
John Tehranian, Esq.
Ian H. Gibson, Esq.
Attorneys for Plaintiff,
Mavrix Photographs LLC